992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ron SIMMAT, Plaintiff-Appellant,
v.
Mr. HUNT, Defendant-Appellee.
 No. 92-6365.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ron Simmat, a State of Connecticut inmate presently incarcerated at FCI El Reno, appeals the dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), of his action against a "Mr. Hunt," allegedly the "safety and sanitation officer" at FCI El Reno. In his complaint Mr. Simmat alleged that in a discussion initiated by him with Hunt with respect to the prison's tame cat, Smokey, Mr. Hunt became abusive, hollered at him, and threatened physical violence, to wit: "that he would personally hurt me [if] I 'reared [my] ugly head,' " and that "[if I wrote] the humane society [or complained] ... to the warden, ... I could expect to end up in the hospital where I would be so badly hurt that I would be unable to write to anyone." Complaint, Attachment 2, at 1.
 
 
 3
 Mr. Simmat alleged in his complaint that Mr. Hunt's threats constituted criminal acts, both state and federal, and he requested various forms of declaratory relief. The district court, adopting the recommendation of the United States Magistrate Judge dismissed the complaint both on procedural grounds and on the merits. The court concluded that Mr. Simmat had not exhausted his administrative remedies, and that the complaint did not state a federal cause of action.
 
 
 4
 On appeal, Mr. Simmat recognizes that his complaint does not state an Eighth Amendment claim of cruel and unusual punishment. Brief of Plaintiff-Appellant at 4. See Wilson v. Seiter, 111 S.Ct. 2321 (1991). He does, however, aver that the verbal conduct in question should be "curbed," Brief of Plaintiff-Appellant at 4, and "the defendant is in the wrong...." Id. at 5. He also alleges that Mr. Hunt's comments constituted "punishment" and, for the first time, he argues that such punishment was administered without due process. Id. at 1-2.
 
 
 5
 In the proceedings below Mr. Simmat's suit was treated as an action pursuant to the principle established in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 396 (1971). He apparently disavows that now, seeking to establish jurisdiction under the theory that Mr. Hunt committed the crime of interfering, by intimidation, with Mr. Simmat's enjoyment of a facility administered by the United States, 18 U.S.C. § 245(b)(1)(B), and that Mr. Simmat was being punished without due process. Id. The argument, however characterized,[1] does not confer federal jurisdiction apart from some sort of Bivens action, and no claim cognizable in a Bivens action has been stated.
 
 
 6
 Mr. Simmat also attaches to his brief on appeal a form, to which he has added editorial comments, intended to show that his administrative remedies have been exhausted as a practical matter. We reject this attempt to add to the record on appeal. We also observe that the exhaustion arguments now being raised by Mr. Simmat were not raised in his complaint. To the contrary, in the complaint Mr. Simmat asserts that the alleged verbal threats were uttered by Mr. Hunt as an individual, and that the administrative process was not available to redress grievances of the nature described.
 
 
 7
 We have carefully reviewed the file and conclude that the district court did not err in dismissing Mr. Simmat's complaint on either of the alternative grounds discussed, i.e., Mr. Simmat has not shown that he has exhausted his administrative remedies; or, in the alternative, the complaint fails to state a claim upon which relief can be granted. Accordingly, the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The effect of Mr. Simmat's argument, carried to its conclusion, is that after due process (notice and an opportunity to be heard), Mr. Hunt could legitimately holler threats at him